J-S46039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENNETH B. BAKER | : | |
| | : | |
| Appellant | : | No. 194 WDA 2024 |

Appeal from the PCRA Order Entered January 17, 2024
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001172-2016

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: MARCH 25, 2025**

Appellant, Kenneth B. Baker, appeals *pro se* from the order entered in the Mercer County Court of Common Pleas, dismissing his second petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this case as follows:

> On September 20, 2016, the Commonwealth filed an information charging Appellant with various sexual offenses, including rape of a child and involuntary deviate sexual intercourse ("IDSI") with a child, related to the alleged repeated sexual assault of a female victim between 2009 and 2012 when the victim was five to nine years old.  On March 9, 2017, the trial court granted the Commonwealth's motion to amend the information, adding several additional counts.
>
> On March 24, 2017, Appellant entered a no contest plea to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

one count of rape of a child and one count of IDSI with a child, with the remainder of the charges *nolle prossed*. On July 24, 2017, prior to sentencing, Appellant filed a motion to withdraw his plea. On the same date that he filed the motion to withdraw the plea on Appellant's behalf, Appellant's counsel, Wayne Hundertmark, Esq., filed a motion for leave to withdraw his appearance for health reasons. The trial court granted the request and Eric Padin, Esq. subsequently entered an appearance as Appellant's counsel. Attorney Padin continued in that role during the hearing on Appellant's motion to withdraw his plea and through Appellant's sentencing.

On October 26, 2017, the trial court denied Appellant's motion to withdraw his plea. On December 6, 2017, Appellant was sentenced to an aggregate term of imprisonment of 30 to 80 years. Appellant filed a timely post-sentence motion, which the trial court denied on January [3], 2018. Appellant did not file a direct appeal.

On November 9, 2018, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant, and his counsel filed a motion on June 16, 2020 requesting a hearing on the allegations raised in Appellant's *pro se* petition. A PCRA hearing was held on February 9, 2021 at which Appellant, Appellant's father, Attorney Hundertmark, and Attorney Padin testified. On February 11, 2021, the PCRA court entered an order denying Appellant's petition. Appellant thereafter [appealed].

On appeal, Appellant argue[d] that … Attorney Hundertmark failed to properly investigate the case and explore Appellant's mental health issues prior to the entry of the plea. Appellant also argue[d] that Attorney Hundertmark did not properly explain the potential sentences that Appellant could face as the result of his plea. Appellant [further claimed] that Attorney Padin was ineffective for failing to submit all of his character reference letters as well as by failing to file a direct appeal on Appellant's behalf.

*Commonwealth v. Baker*, No. 351 WDA 2021, unpublished memorandum

at 1-4 (Pa.Super. filed December 21, 2021) (footnotes omitted). On

December 21, 2021, this Court affirmed the PCRA court's denial of his first PCRA petition. *See id.*

Appellant filed the instant *pro se* PCRA petition on December 16, 2022. Appellant acknowledged that the petition was facially untimely but he insisted the governmental interference and newly-discovered facts exceptions to the PCRA time bar rendered the petition timely. On July 18, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. The court agreed that Appellant's petition was not time-barred, but the court concluded that the claims for relief failed on the merits. After being granted an extension, Appellant filed a timely response to Rule 907 notice on August 11, 2023. On January 17, 2024, the court denied PCRA relief. In the accompanying opinion, the court acknowledged that it previously erred in determining that Appellant's petition was timely and noted that Appellant had failed to satisfy any of the timeliness exceptions such that his petition remained time barred. Appellant filed a timely notice of appeal on February 1, 2024. On February 8, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on February 26, 2024.

Appellant raises the following issues for our review:

> A. Whether the PCRA court erred in its conclusion that Appellant failed to meet the newly discovered facts and governmental interference exceptions to the PCRA time-bar dismissing his second petition as untimely?
>
> B. Whether the PCRA court erred by denying Appellant's second PCRA petition without an evidentiary hearing where

the timeliness exceptions raised and supporting exhibits attached raised material issues of fact that required an evidentiary hearing?

C. Whether the PCRA court erred by permitting PCRA counsel to engage in "hybrid representation" which constitutes a breakdown in the process and operations of the court resulting in a legal nullity warranting *nunc pro tunc* relief in the form of reinstatement of Appellant's PCRA rights?

D. Whether the PCRA court erred by failing to find [PCRA counsel] ineffective *per se* during Appellant's first PCRA petition, for failing to file either an amended PCRA petition or a **Turner/Finley**[2] letter violating the rule against "hybrid representation"?

(Appellant's Brief at 4-5).

In his issues combined, Appellant argues that the PCRA court failed to properly consider the claims of newly-discovered facts and governmental interference that he raised in his PCRA petition. Appellant claims that the court improperly permitted hybrid representation when it allowed PCRA counsel to rely on Appellant's first *pro se* PCRA petition instead of filing an amended PCRA petition. Appellant contends that PCRA counsel was required to either file an amended PCRA petition or a **Turner/Finley** letter explaining why there were no non-frivolous issues in Appellant's case. Appellant asserts that the court's failure to require PCRA counsel to either file an amended PCRA petition or a **Turner/Finley** letter amounted to governmental interference.

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant further claims that PCRA counsel's failure to file an amended PCRA petition with additional meritorious claims constituted governmental interference.

Additionally, Appellant claims that he satisfied the newly discovered facts exception because he "found out on 1/29/2022 [that] there was no direct appeal filed [and] new case law was found showing constitutional violations."[3] (*Id.* at 20). Appellant submits that he raised his claims of governmental interference and newly-discovered facts in a timely manner because he filed his second PCRA petition within one year of when this Court denied his first PCRA appeal. Appellant claims that he would have supported his claims by calling PCRA counsel to testify at an evidentiary hearing. Appellant concludes that the PCRA court erred in dismissing his petition as untimely without a hearing, and this Court should vacate the PCRA court's order and remand for an evidentiary hearing. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if

---

[3] Appellant claims on appeal that he raised five claims invoking the newly-discovered facts exception but only specifies the two claims included herein. As such, we conclude that Appellant has abandoned on appeal any other claims of newly-discovered facts.

- 5 -

the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no similar deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Ballance***, 203 A.3d 1027 (Pa.Super. 2019), *appeal denied*, 654 Pa. 600, 216 A.3d 1044 (2019). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been

- 6 -

ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

"The proper question with respect to [the governmental interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). In other words, an appellant is required to show that he would have filed his claim sooner, if not for the interference of a government actor. *Commonwealth v. Staton*, 646 Pa. 284, 184 A.3d 949 (2018).

To meet the newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id.* "The focus

of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Burton**, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted).

Instantly, the trial court denied Appellant's post-sentence motions on January 3, 2019. Appellant did not file a direct appeal, so his judgment of sentence became final on or about February 2, 2019, following expiration of the 30-days to file a notice of appeal to this Court. **See** Pa.R.A.P. 903(a) (allowing 30 days to file notice of appeal); Pa.R.Crim.P. 720(A)(2)(a) (stating if defendant files timely post-sentence motion, notice of appeal shall be filed within 30 days of entry of order deciding motion). **See also** 42 Pa.C.S.A. § 9545(b)(3). Appellant filed his current PCRA petition on December 16, 2022, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

Appellant claims that he satisfied the governmental interference and newly-discovered facts exceptions to the PCRA time bar, but his claims fail for several reasons. Regarding his governmental interference claims, Appellant merely reframes his infective assistance of counsel claims and attributes the alleged failures of PCRA counsel to the court in an attempt to circumvent the PCRA time bar. It was PCRA counsel's role to review Appellant's case, determine which issues, if any, had arguable merit and advance them before the PCRA court. It would have been improper for the PCRA court to instruct PCRA counsel on whether to file a **Turner/Finley** letter or an amended PCRA

- 8 -

petition with additional issues.[4] To the extent Appellant is arguing that PCRA counsel's alleged ineffectiveness amounts to governmental interference, claims of counsel's ineffectiveness do not satisfy the exception to the PCRA time bar. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (2000) (explaining claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify for "governmental interference" exception to PCRA time-bar, as term "governmental officials" does not include defense counsel).

Additionally, we note that Appellant's claim that the court permitted hybrid representation by allowing PCRA counsel to rely on Appellant's first *pro se* PCRA petition is misguided. Appellant was not represented at the time that he filed the *pro se* PCRA petition. After PCRA counsel was appointed, PCRA counsel chose to adopt the claims raised in Appellant's *pro se* PCRA petition instead of filing an amended PCRA petition. *See Commonwealth v. Martin*, No. 1428 WDA 2022, unpublished memorandum at 2 n.5, (Pa.Super. filed Feb.

---

[4] Appellant further appears to suggest that the court should have ordered PCRA counsel to file a *Turner/Finley* letter on the issues that Appellant raised in his *pro se* PCRA petition that PCRA counsel chose not to pursue. Appellant misunderstands the mandates of *Turner/Finley*. Counsel may only file a *Turner/Finley* "no-merit" letter when counsel determines that there are no non-frivolous issues in the case. *See Turner, supra* (holding that PCRA counsel may file "no-merit" letter when counsel, in his professional judgment, determines that issues raised under PCRA are meritless). Here, counsel determined that there were several issues of arguable merit and advanced them on Appellant's behalf before the PCRA court and on appeal. As such, it would have been improper for PCRA counsel to file a *Turner/Finley* letter or for the court to order PCRA counsel to do so.

23, 2024), *appeal denied*, ___ Pa. ___, 327 A.3d 1221 (2024) (holding that when PCRA counsel adopts *pro se* filing, PCRA court may give force to *pro se* filing without offending consideration of hybrid representation).[5]  Our review of the record demonstrates that the court did not improperly take action on any *pro se* filings filed by Appellant while he was represented by PCRA counsel. Therefore, Appellant has failed to demonstrate that he satisfied the governmental interference exception to the PCRA time bar.

Regarding Appellant's assertions of newly discovered facts, the record belies Appellant's claim that he did not know until January 29, 2022 that his trial counsel did not file a direct appeal.  In his first *pro se* PCRA petition, filed on November 9, 2018, Appellant raised the claim that trial counsel was ineffective for failing to file a direct appeal.  (**See** PCRA petition, filed 11/9/2018, at 4).  Appellant further states in his brief that he discovered new case law demonstrating constitutional violations in his case, but without any further elaboration.  As such, Appellant has waived this claim.  **See** Pa.R.A.P. 2119(a) (detailing requirements of argument section in appellate brief); **Commonwealth v. Taylor**, 277 A.3d 577, 590-91 (Pa.Super. 2022) (reiterating that failure to develop adequate argument in appellate brief may result in waiver of claim under Pa.R.A.P. 2119).  Even if the claim was not waived, Appellant would not be entitled to relief because judicial decisions do

---

[5] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

not constitute a "new fact" for purposes of the time-bar exception. ***See Commonwealth v. Watts***, 611 Pa. 80, 23 A.3d 980 (2011) (explaining subsequent decisional law does not constitute new "fact" per Section 9545(b)(1)(ii)).

Appellant also loosely argues that he is entitled to raise his claims of PCRA counsel's ineffective assistance pursuant to ***Commonwealth v. Bradley***, 669 Pa. 107, 261 A.3d 381 (2021) because the instant petition was his first opportunity to do so. Nevertheless, ***Bradley*** affords him no relief. ***See Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa.Super. 2023) (holding that ***Bradley*** does not create right to file subsequent PCRA petition outside PCRA's one-year time limit as method of raising ineffectiveness of PCRA counsel or permit recognition of such right). Our review of the record supports the PCRA court's conclusion that Appellant failed to prove a timeliness exception. ***See Conway, supra***; ***Boyd, supra***. Thus, the court did not abuse its discretion in concluding that an evidentiary hearing was not necessary. ***See Wah, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/25/2025